HOMICIDE (§ 295*)—INSTRUCTIONS—APPLICABILITY—PROVOKING DIFFICULTY.

In a prosecution for manslaughter, where the evidence showed that, in previous altercations between defendant and deceased, the deceased was the aggressor, and the defendant was seeking to avoid trouble, and there was some testimony that defendant went to the place where he thought deceased was, although without stating what his intentions were if he found deceased, but the defendant testified that he did not know deceased was in that place, and went there for another purpose, whereupon deceased began the difficulty by attacking him with a knife, there was no evidence that the defendant provoked the difficulty which would warrant a court in instructing on that issue.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 606–609; Dec. Dig. § 295.*]

Appeal from District Court, Sabine County; A. E. Davis, Judge.

Emanuel Thomas was convicted of manslaughter, and he appeals.   Reversed and remanded.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J.   Appellant was indicted, charged with manslaughter, convicted of the offense, and his punishment assessed at two years' imprisonment in the penitentiary.

Appellant contends that the court erred in submitting the issue of provoking the difficulty, and, if that issue was in the case, then the court erred in his charge on that issue in several respects.   As we have concluded that the court erred in submitting that issue, we do not deem it necessary to discuss at length the other questions in the case.   It appears from the record that appellant was the manager of Abe Smith's dance hall in Pineland.   A negro woman named Sallie was in the dance hall on the night preceding the fatal encounter.   While Sallie was in the dance hall, deceased attempted to go in the hall, making threats, and, when prevented from going in the hall, tried to borrow a gun. Deceased is shown to have made several ugly remarks, and claimed the negro woman Sallie as his woman.   When the dance hall closed, Sallie went home with appellant, and went to bed with him.   While they were in bed, deceased broke in the house, and struck appellant with a club.   Appellant grabbed a pistol, and fired at deceased, when deceased ran.   It is shown that during the next day deceased made threatening remarks, and appellant reported the matter to the officers. The officers told the appellant to go to the dance hall and remain there until they had arrested deceased.   The officers did not succeed in finding him, and made no arrest. The state's testimony is that appellant said, "I believe Jim Wade is out at the closet; I am going out there," not saying what he was going to do, or intended to do, if deceased was out there.   Appellant denies making this remark, and says he went to the closet to answer a call of nature; that when he got to the closet deceased began the difficulty, and "made a lunge at him with a knife." He apparently was the only eyewitness to the beginning of the difficulty.   If the facts and circumstances in evidence would authorize the deduction that he went to the closet to raise a dufficulty with deceased, perhaps there would be no error in submitting the issue.   But the record when read as a whole does not suggest that appellant was seeking a difficulty with deceased; but, on the contrary, all the threats were made by deceased. He was the person who seemed to be seeking the difficulty.   It is shown that he had an open knife in his hand, a "springback" knife, 6½ inches in length.   He had expressed an intention to have the woman Sallie, or do some killing.   Under the evidence in this case, we think the court erred in submitting the issue of provoking the difficulty, and imperfect self-defense, for under the evidence appellant was entitled to a charge on self-defense unabridged, and not limited by a charge on provoking the difficulty.   If the court thought the evidence authorized this charge, then certainly the converse of the proposition should have been given.   Appellant testified he did not know deceased was at the closet; that he went there to answer a call of nature, when he was assaulted by deceased with an open knife.   These facts may not be true, yet he so testified, and, if the court was going to charge on provoking the difficulty, then in appropriate language the jury should have been instructed that, if they believed this state of facts to be true, or had a reasonable doubt thereof, appellant's right to act in self-defense would be unabridged.   However, we do not think the issue of provoking the difficulty was in the case, and on another trial, if the facts are the same, the court should not present that issue in his charge.

The cause is therefore reversed and remanded.

---

## REDO v. STATE.

(Court of Criminal Appeals of Texas.   Oct. 15, 1913.)

CRIMINAL LAW (§ 1101*)—APPEAL—AFFIRMANCE—NO ERROR SHOWN.

In the absence of a statement of facts duly signed and approved and of a bill of exceptions, a judgment of conviction will be affirmed; the motion for new trial raising no question which can be considered without a statement of facts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3204; Dec. Dig. § 1101.*]

Appeal from District Court, Newton County; A. E. Davis, Judge.

Ethel Thompkins Redo was convicted of burglary, and appeals.   Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

PRENDERGAST, P. J. The appellant was convicted of burglary, and the lowest punishment fixed by law—two years in the penitentiary—was assessed.

There is no statement of facts signed by the attorneys for either side, or approved by the judge. There is no bill of exception. There is no question raised by the motion for new trial that can be considered in the absence of a statement of facts.

The judgment is therefore affirmed.